MATTER OF A—

In VISA PETITION Proceedings

VP 9-I-13273
A-11161042

*Decided by Assistant Commissioner September 7, 1960*

Nonquota status—Act of September 22, 1959—Fourth preference applicant
adopted after 14th birthday not eligible.

Fourth preference quota classification accorded prior to January 1, 1959, to a
visa applicant registered as of January 7. 1952. whose adoption by a United
States citizen occurred subsequent to his 14th birthday does not entitle him
to nonquota status under the Act of September 22, 1959. That benefit is
not available to adopted children who do not come within the definition in
section 101(b)(1)(E) of the Immigration and Nationality Act.

BEFORE THE ASSISTANT COMMISSIONER

DISCUSSION: This case has been certified to the Assistant Commissioner, Examinations.

The petition in this case was approved by the District Director, Chicago, Illinois, on June 28, 1956, to accord the beneficiary a fourth preference quota classification under section 203(a)(4) of the Immigration and Nationality Act as the adopted son of a citizen of the United States. The approval expired three years thereafter, and on June 24, 1960, the District Director revalidated the petition retroactively to the date of the initial approval.

The petition was executed by both M—A—, the adoptive father, now deceased, and N—C—A—, the adoptive mother. They both became citizens of the United States prior to the filing of the petition. As execution of the petition by both adoptive parents was unnecessary the adoptive mother will be considered the petitioner.

The beneficiary was born September 6, 1940, and he is registered for immigration on the Yugolav quota as of January 7, 1952. He was adopted by Mr. and Mrs. M—A— by proxy in Yugoslavia on March 3, 1956. However, as the adoption took place after the beneficiary was fourteen years of age he does not qualify as the child of the petitioner within the meaning of section 101(b)(1)(E) of the Immigration and Nationality Act which provides, in part, as follows:

(1) The term "child" means an unmarried person under twenty-one years of age who is—* * *

(E) a child adopted while under the age of fourteen years * * *.

Section 4 of the Act of September 22, 1959 provides:

Sec. 4. Any alien who (1) is registered on a consular waiting list pursuant to section 203(c) of the Immigration and Nationality Act (66 Stat. 179) under a priority date earlier than December 31, 1953, and (2) is eligible for a quota immigrant status under the provisions of section 203(a)(2), (3), or (4) of such Act on the basis of a petition approved by the Attorney General prior to January 1, 1959, and the spouse and the children of such alien, shall be held to be nonquota immigrants and, if otherwise admissible under the provisions of the Immigration and Nationality Act, shall be issued nonquota immigrant visas * * *.

Section 5(a) of the Act of September 22, 1959 provides, in part, as follows:

* * * No petition for quota immigrant status or a preference in behalf of a son or daughter under paragraphs (2), (3), or (4) of section 203(a) of the Immigration and Nationality Act shall be approved by the Attorney General unless the petitioner establishes that he is a parent as defined in section 101(b)(2) of the Immigration and Nationality Act of the alien in respect to whom the petition is made. * * *

Section 101(b)(2) of the Immigration and Nationality Act reads as follows:

The terms "parents", "father", or "mother" mean a parent, father, or mother only where the relationship exists by reason of any of the circumstances set forth in (1) above.

The relationship of the petitioner to the beneficiary does not exist by reason of any of the required circumstances.

Section 5(c) of the Act of September 22, 1959 provides:

Aliens who have been granted a preference under paragraph (4) of section 203(a) of the Immigration and Nationality Act pursuant to petitions heretofore approved by the Attorney General on the ground that they are the adopted sons or adopted daughters of United States citizens shall remain in that status notwithstanding the provisions of section 1 of this Act, unless they acquire a different immigrant status pursuant to a petition hereafter approved by the Attorney General.

Section 1 of the Act of September 22, 1959 amends section 203(a)(2) of the Immigration and Nationality Act to read, in part, as follows:

The next 30 per centum of the quota for each quota area * * * shall be made available for the issuance of immigrant visas to qualified quota immigrants who * * * are the unmarried sons or daughters of citizens of the United States.

According to the report of the Senate Committee on the Judiciary, the principal purpose of the portion of section 5(a) quoted above "is to make certain that aliens adopted by U.S. citizens or lawful resident aliens (other than children defined in sec. 101(b)(1)(E) of the Immigration and Nationality Act) shall not be eligible for *nonquota* or preference status under the immigration and nationality

laws." (Emphasis added.) (Page 7, Report No. 962 of the Senate Committee on the Judiciary.) Although section 5(c) of the Act of September 22, 1959 saved the fourth preference classification of adopted sons and daughters granted on the basis of petitions approved prior to the effective date of that Act, that section also provided that the status of such adopted sons and daughters shall remain unchanged notwithstanding they may otherwise be eligible for a second preference classification *"unless they acquire a different immigrant status pursuant to a petition hereafter approved by the Attorney General."* (Emphasis added.) If Congress intended to preclude adopted sons or daughters from receiving a second preference quota classification, it follows that Congress also intended to preclude such persons for receiving the greater benefit of a nonquota classification. Review of the legislative background and analysis of the statute make it necessary to conclude that the beneficiary is ineligible for a nonquota classification under section 4 of the Act of September 22, 1959.

**ORDER:** It is ordered that the petition in this case be revalidated *ab initio* and that the beneficiary be considered a fourth preference quota immigrant pursuant to section 203(a)(4) of the Immigration and Nationality Act as amended.